020717Lf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

SHELLY M. SMITH, )
)
        Plaintiff, )   No. 16 cv 2062 EJM
vs. )
)   ORDER
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits. Briefing concluded January 24, 2017. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts (1) the Administrative Law Judge (ALJ) erred in giving improper weight to the opinion of Amber Edwards, ARNP, and (2) the ALJ determined a residual functional capacity (RFC) which was not supported by substantial medical evidence. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff is a 54-year-old woman who attended high school through the tenth grade and earned a general equivalency diploma. (Tr. 40.) She had past relevant work experience as a meat trimmer and a cashier. (Tr. 42.) She filed an application for disability benefits alleging depression, anxiety and bipolar depression. (Tr. 44, 207.) After a hearing on January 27, 2015, the ALJ found plaintiff not disabled.

The ALJ found that plaintiff had the RFC to perform "unskilled work", i.e. "work that allowed for a thirty day or less learning time, simple work related decisions requiring little or no judgment, and only occasional work place changes." (Tr. 16-17.) Relying on vocational expert (VE) testimony, the ALJ found that although plaintiff could not perform her past relevant work, she could perform other work existing in significant numbers in the national economy.

Plaintiff first argues that the ALJ did not adequately consider the opinion and evidence of Amber Edwards, Advanced Practice Registered Nurse (ARPN.) The ALJ provided reasons why she gave little weight to the opinion1 of Ms. Edwards, including inconsistency with treatment notes, her reliance on plaintiff's subjective complaints which the ALJ found to be not credible, and troublesome treatment notes by Ms. Edwards and others which stated that "[h]er lawyer feels that her chances of getting benefits would be better if we as her treatment providers could narrow down her diagnosis a little bit. She is worried that this might interfere with her [disability] case." (Tr. 603.) See Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007)(ALJ may discount contacts that are primarily to obtain benefits rather than medical treatment.)

---

1 Since Ms. Edwards is not an "acceptable medical source" as explained above, hers is not a "medical opinion," merely an opinion.

2

But the primary reason that the ALJ discounted Ms. Edwards' testimony is that as an advanced practice registered nurse, and not a physician or a psychologist, she is not "an acceptable medical source" under Social Security regulations, 20 C.F.R. §§ 416.902. See Blackburn v. Colvin, 761 F.3d 853, 859 (8th Cir. 2014.) The ALJ did base her RFC on the medical opinions of two acceptable medical sources, reviewing psychologists Jennifer Wigton, Ph.D., and Scott Shaffer, Ph.D. The disagreeing non-expert opinion of a non-acceptable medical source cannot rise to the level of requiring an ALJ to disregard the medical opinions of two acceptable medical sources. The ALJ was well within her prerogative to discount the opinion of Ms. Edwards and base her finding upon the expert opinions of the two psychologists and find the RFC which she did.

Plaintiff argues that the ALJ inappropriately gave too much weight to the state agency reviewing psychologists' opinions because the medical consultants did not have a treating relationship her, citing Nevland v. Apfel, 204 F.3d 853 (8th Cir. 2000.) The Eighth Circuit has definitively and consistently held that the ALJ may rely on state agency reviewing physicians, and that that is sufficient substantial evidence to uphold an RFC ruling. The regulations also provide that an ALJ may consider findings of state agency consultants as opinion evidence, who are experts in disability evaluation. 20 C.F.R. § 404.1527(e)(2)(i); Musical v. Astrue, 347 F. App'x 260, 262 (8th Cir. 2009)(approving the ALJ's assignment of significant weight to the assessment of a non-examining state agency medical consultant absent conflicting evidence from treating physicians). The ALJ can properly rely upon the opinions of non-examining sources, particularly when she reviews the record as a whole. Casey v. Astrue, 503 F.3d 687, 694 (8th Cir. 2007) ("The ALJ did not err in considering the opinion of [the state agency medical consultant] along

with the medical evidence as a whole."). The Eighth Circuit also noted non-examining medical expert opinions can satisfy the ALJ's need to consider at least some supporting evidence from a professional. Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004) (citing 20 C.F.R. § 416.1545(c)).

Overall, the ALJ found the state agency opinions consistent with the record evidence as a whole. She properly constructed an RFC that encompassed some of the limitations in the state agency assessment, but she did not rely solely on the opinions. Harvey v. Barnhart, 368 F.3d 1013, 1016 (8th Cir. 2004) (permitting reliance upon state agency experts as part of record); 20 C.F.R. § 404.1527(e) (same).

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

February 8th, 2017

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

4